IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON W. COLON, | No. 4:23-CV-00916 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| FACILITY MANAGER MASON, | |
| Respondent. | |

## ORDER

**JUNE 8, 2023**

TO THE PETITIONER:

The Court has received your *pro se* petition for writ of habeas corpus. The purpose of this notice is to inform you of limitations upon your right to file another habeas petition in the future if your current petition is considered by the Court.

Under 28 U.S.C. § 2244(b)(3)(A), no second or successive habeas petition under § 2254 is allowed unless there are exceptional circumstances, and the petitioner has obtained permission from the appropriate Court of Appeals. This means that if your current § 2254 habeas petition is considered on the merits and rejected, you no longer have the right simply to file another § 2254 petition in this Court raising other grounds for relief, even if you are attempting to raise grounds that you did not think of before filing the current petition. Instead, you would have

to move in the court of appeals for a certificate allowing you to file that second § 2254 petition.

Further, the grounds upon which you could rely to obtain that certificate, and proceed with a second 2254 petition, are limited to two extremely rare circumstances: (1) the factual predicate for the new claim was not previously available to you by the exercise of due diligence; or (2) there is a new rule of constitutional law that was previously unavailable to you and made retroactive to cases on collateral review by the Supreme Court.  Please consult 28 U.S.C. § 2244(b)(2) for further details.  Because these grounds are so limited, in most cases they will result in the denial of approval to file a second or successive § 2254 habeas petition, thereby barring the litigation on grounds that had not been presented in the first 2254 petition.

Consequently, you should carefully consider whether the current habeas petition raises all grounds for relief from your conviction.  If you think it may not, you may wish to withdraw the petition before the Court considers it.  The Court will allow you to do this now without prejudice to your right, after you have given the petition more thought, to file another § 2254 petition.  If you do decide to withdraw your current petition with the intent of filing a comprehensive § 2254 petition in the future, you are also advised that 28 U.S.C. § 2244(d) sets forth a one-year statute of limitations for filing a § 2254 petition.  It also specifies periods of time that are not counted toward the limitations period.  You should consult this

section for when the one-year period starts to run. The limitations deadline may affect your decision to either stand on your current petition or file a new, comprehensive one.

**IT IS HEREBY ORDERED** that:

1. The Petitioner is granted leave to withdraw the current § 2254 petition without prejudice to filing another § 2254 petition raising all grounds for relief from Petitioner's conviction.

2. The Petitioner is granted 45 days from the date of this order to notify the court of their decision. If Petitioner fails to do so, the court will rule on the current § 2254 petition as filed.

3. If the one-year limitations period would expire during this 45-day period, the limitations period is tolled from the date of this order until the Petitioner's notification is filed, or until 45 days have elapsed, whichever is earliest. In these circumstances, and if the petitioner decides to file an all-inclusive § 2254 petition raising all grounds for relief, the Petitioner's response must also be accompanied by their new § 2254 petition.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON W. COLON, | No. 4:23-CV-00916 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| FACILITY MANAGER MASON, | |
| Respondent. | |

## NOTICE OF ELECTION

I, _____, petitioner in the above-captioned action, have read the Order of Court which accompanied this form notice. Pursuant to that order, I elect to proceed in this action as follows:

\_\_\_\_\_ I have labeled my petition as a petition for writ of habeas corpus under 28 U.S.C. §2254. I choose to have the court rule on my petition as filed. I understand that I may be forever barred from presenting in federal court any claim not presented in this petition. I further understand that by doing so I lose my ability to file a second or successive petition absent certification by the Court of Appeals, and that the potential for relief is further limited in a second or successive petition.

\_\_\_\_\_ I have labeled my petition as a petition for writ of habeas corpus under 28 U.S.C. § 2254. I choose to withdraw the petition so that I may file one, all-inclusive petition under 28 U.S.C. § 2254 within the one-year limit for filing such a petition.

YOUR ELECTION ON THIS FORM, AS WELL AS THE FAILURE TO MAKE AN ELECTION, WILL BE BINDING ON YOU AS RELATES TO YOUR LITIGATION IN FEDERAL COURT OF ANY CLAIM RELATED TO THE CUSTODY YOU HAVE CHALLENGED. READ CAREFULLY THE ORDER ACCOMPANYING THIS FORM NOTICE OF ELECTION.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____.          _____
             (DATE)                                    (Signature of Petitioner)