# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON W. COLON,<br>    Petitioner | No. 4:23-cv-0916 |
| | (Judge Munley) |
| v. | |
| FACILITY MANAGER MASON,<br>    Respondent | |

## MEMORANDUM

On June 5, 2023, Petitioner, Jason, W. Colon, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. (Doc. 1). He challenges a July 17, 1997, conviction imposed by the Court of Common Pleas of York County, Pennsylvania. Id.

Presently before the Court is Respondent's motion to dismiss the above captioned petition as a second or subsequent petition, filed without first obtaining permission from the United States Court of Appeals for the Third Circuit, as required under 28 U.S. Code §2244(b)(3)(a) and (b)(4). (Doc. 13). The motion is fully briefed and is ripe for disposition. For the reasons set forth below, the Court will grant Respondent's motion to dismiss the above captioned petition for writ of habeas corpus as a second or

successive petition. The Court will dismiss the petition, without prejudice to Petitioner seeking the required permission from the Third Circuit to file a second or successive petition for writ of habeas corpus.

## I. Background

The procedural background underlying Colon's conviction and sentence was adopted from the January 22, 2015 Memorandum Opinion of the Pennsylvania Superior Court, affirming the denial of Petitioner's second PCRA petition as untimely, and is as follows:

> Appellant was found guilty in 1997 of third-degree murder and conspiracy to commit murder based on the killing of Edgar Day by Adam Byke over a theft. The court sentenced Appellant to an aggregate term of incarceration of forty to eighty years on August 18, 1997. Appellant appealed, and this Court dismissed that appeal after counsel failed to file a brief. Subsequently, Appellant successfully sought the reinstatement of his direct appeal rights via a PCRA petition. This Court affirmed his judgment of sentence on February 7, 2001, Commonwealth v. Colon, 776 A. 2d 1003 (Pa. Super. 2001), and our Supreme Court denied allowance of appeal. Commonwealth v. Colon, 784 A. 2d 114 (Pa. 2001).
>
> Thereafter, on June 11, 2002, Appellant filed a new PCRA petition, which was treated as his first. The PCRA court conducted an evidentiary hearing and denied relief. Appellant appealed, and this Court again affirmed. Commonwealth v. Colon, 841 A. 2d 571 (Pa. Super. 2003). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 15, 2005. Commonwealth v. Colon, 885 A. 2d 40 (Pa. Super. 2005).

(Doc. 13-6, Commonwealth v. Colon, No. 885 MDA 2014, slip op. at 1-2).

Petitioner filed a timely federal habeas corpus petition,[1] which, on January 11, 2008, was denied on the merits by the late Honorable Malcolm Muir. (Doc. 13-2, Colon v. Folino, No. 4:05-cv-2519 (M.D. Pa. Jan. 11, 2008). By Order dated May 7, 2008, the United States Court of Appeals for the Third Circuit denied Colon's application for a certificate of appealability for his failure to make a substantial showing of the denial of a constitutional right. Colon v. Folino, No. 08-1459 (3d Cir. 2008).

After the denial of his federal habeas petition, Colon filed several untimely PCRA petitions, which were denied and affirmed on appeal. See (Doc. 13-6, Commonwealth v. Colon, No. 885 MDA 2014 (Pa. Super. Jan.

---

[1] Colon raised the following four issues in his federal habeas corpus petition:

 1. The evidence at trial was insufficient to establish guilt beyond a reasonable doubt.
 2. The trial court abused its discretion in sentencing petitioner.
 3. The trial court committed reversible error in its instruction to the jury regarding a "jailhouse informant's" testimony.
 4. Trial counsel was ineffective for not objecting to the introduction of petitioner's co-defendant's confession.

(Doc. 13-2 at 9). Petitioner's third claim was found unexhausted, and the remaining issues were addressed on the merits. Id.

28, 2015); Doc. 13-7, Commonwealth v. Colon, No. 1027 MDA 2022 (Pa. Super. Oct. 17, 2022).

On June 5, 2023, Colon filed the instant petition for writ of habeas corpus. (Doc. 1). He raises the following issues for review:

> 1. Petitioner's February 28, 1997, motion for severance from his co-defendant was wrongfully denied on March 3, 1997.
>
> 2. Petitioner has "newly discovered evidence" demonstrating that his plea of guilty to drug charges was not to be used in his criminal homicide trial.

(Doc. 1, petition at 5-7).

## II. Legal Standard

Pursuant to 28 U.S.C. §2244(b)(3)(A), a petitioner must seek authorization from the appropriate court of appeals before filing a second or successive habeas petition in a district court. See Burton v. Stewart, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. §2254. A habeas petition is classified as second or successive within the meaning of 28 U.S.C. §2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. See Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005); In re Olabode, 325 F.3d 166,

169-73 (3d Cir. 2003). If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. §1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).

### III. Discussion

The instant petition asserts grounds for relief based on "new evidence" of Petitioner's actual innocence. (Doc. 1).

A review of the petition reveals that it is a second or successive habeas application within the meaning of 28 U.S.C. §2244. First, the petition challenges the same 1997 conviction that Petitioner challenged in his first federal habeas proceeding. Second, the denial of Petitioner's first habeas petition was adjudicated on the merits. Third, although Petitioner characterizes the arguments in his instant petition as "new evidence," he either did, or could have, asserted the issues raised herein in his first petition. Moreover, to the extent Petitioner's allegations regarding the "new evidence" actually constitute "new evidence", such evidence must be presented to the Third Circuit for a determination as to whether the "new evidence" is sufficient to avoid the second/successive bar.

Petitioner does not assert, and nothing in the record indicates, that the Third Circuit Court of Appeals authorized the filing of the instant second or successive habeas petition. The Court finds that it is not in the interest of justice to transfer this case to the Third Circuit, because the petition does not come close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. §2244(b)(2). Given these circumstances, the Court will grant Respondent's motion to dismiss the petition for lack of jurisdiction because it constitutes an unauthorized second or successive petition.

## IV. Conclusion

Based on the foregoing, the Court concludes that the instant petition constitutes an unauthorized second or successive request for habeas relief. Therefore, the Court will dismiss the petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997).

A separate Order will be entered.

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Judge

1/25/24